558 F.3d 896 (2009)
HUMANE SOCIETY OF the UNITED STATES; Wild Fish Conservancy; Bethanie O'Driscoll; Andrea Kozil, Plaintiffs-Appellants,
v.
Carlos M. GUTIERREZ, Secretary of Commerce; James W. Balsiger; James Lecky, Defendants-Appellees,
Washington State Department of Fish and Wildlife; State of Oregon Department of Fish and Wildlife, Defendants-Intervenors-Appellees.
No. 08-36038.
United States Court of Appeals, Ninth Circuit.
February 26, 2009.
Rebecca Gerber Judd, Jonathan R. Lovvorn, Esquire, Sarah Uhlemann, Esquire, The Humane Society of the United States, Washington, DC, Gary K. Kahn, Esquire, Reeves Kahn & Hennessy, Portland, OR, for Plaintiffs-Appellants.
Lori L. Caramanian, U.S. Department of Justice, Denver, CO, Coby Howell, Esquire, Office of the U.S. Attorney, Portland, OR, James A. Maysonett, Esquire, Mark R. Haag, Esquire, U.S. Department of Justice, Washington, DC, for Defendants-Appellees.
Michael B. Ferguson, Attorney General's Office, Neil Lynn Wise, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, Cecil Reniche-Smith, Assistant Attorney General, Office of the Oregon Attorney General, Salem, OR, for Defendants-Intervenors-Appellees.
Before: ALEX KOZINSKI, Chief Judge, HAWKINS and RONALD M. GOULD, Circuit Judges.

ORDER
Appellants challenge the decision of the National Marine Fisheries Service ("NMFS") to authorize the states of Oregon, Washington and Idaho to lethally remove certain California sea lions preying on endangered or threatened salmon and steelhead fish at the Bonneville Dam ("NMFS Approval").
Appellants move for a stay of the NMFS Approval pending appeal. Appellees oppose the motion.
A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest. See Winter v. Natural Resources Defense Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).
Appellants challenge the NMFS Approval under the Administrative Procedure Act ("APA"). The APA requires a reviewing court to set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We have held that review under the arbitrary and capricious standard "is narrow, and [we do] not substitute [our] judgment for that of the agency." Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir.2008) *897 (en banc) (quoting Earth Island Inst. v. U.S. Forest Serv., 442 F.3d 1147, 1156 (9th Cir.2006)).
Given the narrow and deferential standard of review, and the district court's well-reasoned decision granting summary judgment to appellees, we conclude that appellants have not met their burden of demonstrating a likelihood of success on the merits. They therefore fail to meet the threshold for a stay pending appeal. Accordingly, appellants' motion is denied.
The briefing schedule established previously shall remain in effect.